[No. 34415. *En Banc.* April 24, 1958.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK QUIGLEY, *Appellant.*[1]

*Jas. E. Sareault*, for appellant.

*Alf M. Jacobsen*, for respondent.

[1]Reported in 324 P. (2d) 827.

MALLERY, J.—The defendant appeals from convictions of (1) hunting deer without a license, (2) hunting deer without a supplemental deer seal, and (3) having in his possession a deer carcass with no supplemental deer seal attached, all in violation of the state game code.

His defense is that he is an enrolled member of the Chinook tribe of Indians of southwestern Washington and, as such, has a right to hunt in the historic hunting grounds of his Indian ancestors without a hunting license.

Appellant exhibited his "white card," which was issued by the chief of the Chinook nation to certify his tribal membership, to the appropriate game authorities, and requested the issuance of a supplemental deer seal without first obtaining a hunting license. It was refused him.

The appellant owns the land in fee simple upon which he was hunting. He purchased it from a non-Indian. The respondent concedes it is within the historical hunting area of the Chinook nation. However, it was never part of an Indian reservation, nor is there any Federal jurisdiction over it by reason of the retention of Federal title or other right therein.

The appellant claims no rights under an Indian treaty, for the reason that the Chinook Indians never made one with the United States.

It is the appellant's theory that the rights of the aboriginal Indians were not derived from treaties made with the United States; that their rights antedated the treaties and continue to exist independently of them; that the Indian treaties constituted a surrender of rights or consisted of restrictions placed upon them by the terms thereof; that the Chinook Indians had an aboriginal right to hunt on the land in question, and, since it has never been surrendered by treaty, it still exists; and that, as an enrolled member of the Chinook nation, the appellant has a right to assert the tribe's aboriginal rights as a defense to an exercise of the police power by the state of Washington as implemented by the state game code.

This novel theory is presented as a case of first instance.

Appellant cites and relies upon the following language in 1918 Comp. Stat., 7, Art. III, which reads, in part:

"The utmost good faith shall always be observed towards the Indians; their *lands and property* shall never be taken from them without their consent." (Italics ours.)

Appellant also relies upon 9 Stat. 323, which reads, in part:

"Nothing in this act contained shall be construed to impair the rights of person or property now pertaining to the Indians in said Territory, so long as such rights shall remain unextinguished by treaty between the United States and such Indians."

These citations are not in point upon the question presented here. We are not here concerned with the title to the appellant's land or with his *property* rights therein.

█ The language cited did not restrict the Federal government to the treaty method of extinguishing Indian title. In *United States v. Santa Fe Pac. R. Co.*, 314 U. S. 339, 86 L. Ed. 260, 62 S. Ct. 248, the court said:

"As stated by Chief Justice Marshall in *Johnson v. M'Intosh, supra*, p. 586 [8 Wheat. 543, 5 L. Ed. 681], 'the exclusive right of the United States to extinguish' Indian title has never been doubted. And whether it be done by treaty, by the sword, by purchase, by the exercise of complete dominion adverse to the right of occupancy, or otherwise, its justness is not open to inquiry in the courts. [Citing case.]"

█ Indian title based on aboriginal possession is a right of occupancy only. *Johnson v. McIntosh*, 8 Wheat. 543, 5 L. Ed. 681. The fact that the appellant's predecessor in interest in the land in question was a non-Indian, is evidence that aboriginal Indian rights in regard to such land had been extinguished before he acquired it. Aboriginal rights cannot be recreated through purchase of land by an Indian, acting *sui juris*, from a non-Indian.

██ Game is not a property right appurtenant to land. Game belongs to the state. It is well settled that ownership of land upon which there is game does not exempt the owner

from provisions of the game code. *Cawsey v. Brickey*, 82 Wash. 653, 144 Pac. 938.

Our question may be stated thus: Is an enrolled Indian subject to the police power of the state, more particularly the game laws, in the historical hunting area of his tribe, in the absence of a treaty, and in the absence of a Federal interest in the land?

The game code, as an exercise of the police power, is not an encroachment upon an owner's property rights in the land. Since the Federal government has no interest in the land, the state of Washington undoubtedly has jurisdiction over it. Of course, a treaty takes precedence over a state law, but appellant has no treaty rights that restrict the state in its exercise of the police power. Our question, therefore, must be answered in the affirmative.

The judgment is affirmed.

ALL CONCUR.